IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCENT MICHAEL COLE,

   Plaintiff,

v.                                             Civil Action No.: MJM-23-3278

SHIRLEY DIANE WILLIAMS, et al.,

   Defendants.

## MEMORANDUM

On November 16, 2023, plaintiff Vincent Michael Cole, a self-represented prisoner currently incarcerated in Marcy, New York, filed this suit in the U.S. District Court for the Eastern District of New York, which subsequently transferred the case to this Court. ECF Nos. 1 & 5. Plaintiff alleges that defendant Shirley Diane Williams, his grandmother, testified against him on September 9, 2004, in the Circuit Court for Baltimore City. ECF No. 1 at 9–10. Plaintiff alleges that the testimony constituted slander against him, and that the Baltimore City State's Attorney's Office violated his rights by calling the witness to testify against him on behalf of the State of Maryland and the United States of America. *Id*.

Sections 1915(e)(2)(B) and 1915A of Title 28 of the United States Code require this Court to conduct an initial screening and to dismiss the complaint to the extent that it: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 590 U.S. 595 (2020). Upon initial screening, the Court determined Plaintiff's Complaint was subject to dismissal for failure to state a claim because the alleged facts occurred nearly twenty years ago, far outside the statute of limitations. ECF No. 14. Because Plaintiff was pro se, the Court afforded Plaintiff an opportunity to supplement his

Complaint to remedy its deficiencies. *Id.* Plaintiff timely filed two supplements to the Complaint. ECF Nos. 15–16.

As to any potential claim against a state actor, there is no federal statute of limitations for actions under 42 U.S.C. § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the generally applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under Maryland law, "[a]bsent legislative creation of an exception to the statute of limitations, [courts] will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Tr. Corp.*, 635 A.2d 394, 399 (Md. 1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 500 A.2d 641 (Md. 1985)). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)).

Here, Plaintiff alleges that the defendants violated his constitutional rights and slandered him when Williams testified against him at a hearing that occurred nearly twenty years prior to the filing of the Complaint. ECF No. 1. In his supplement, Plaintiff argues that he is entitled to equitable tolling. ECF No. 15. Specifically, Plaintiff states that he did not learn of the violations until 2023, when his criminal defense attorney ordered his Maryland criminal records as part of his defense in an ongoing criminal case in New York. *Id*. at 1–2. He claims he had no way of knowing that his grandmother testified against him in 2004 because such testimony was not in the public record. *Id*. at 2. He states that he did not receive a "private copy of the record" until April 20, 2023. *Id*. Plaintiff filed the instant Complaint on November 16, 2023. *Id*.

Records submitted by Plaintiff show that he was present at and participated in the 2004 hearing that is the subject of the Complaint. ECF No. 10-1 at 13–31. In a separate supplement to the Complaint, Plaintiff submitted a copy of the transcript from the hearing that took place on September 9, 2004, in the Circuit Court for Baltimore City. *Id*. The transcript reflects that Williams testified against Plaintiff at his sentencing hearing, stating that he participated in robberies. *Id*. Williams further stated that Plaintiff regularly lies and that he "molested his sister." *Id*. at 23–25. More importantly, the transcript reflects that Plaintiff was present at and participated in the hearing. *Id*. at 29. Plaintiff's counsel identified him in the courtroom, *id*. at 15, and Plaintiff provided an allocution, *id*. at 29. Based on these records, there is no question that Plaintiff knew about Williams' testimony in 2004, as he was present and heard it for himself. Plaintiff is not entitled to equitable tolling of the statute of limitations because he has not been diligent in protecting his rights, and the Complaint is time barred. As such, the Complaint shall be dismissed.

Also pending are Plaintiff's Motion to Proceed in Forma Pauperis, ECF No. 2, which shall be granted, and Motion for Default Judgment, ECF No. 13, which shall be denied as moot.

A separate Order follows.

\_\_7/23/24\_\_
Date

Matthew J. Maddox
United States District Judge